IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | No. 04-748C (Chief Judge Damich) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S NOTICE OF INTENTION
TO PROCEED BY DISPOSITIVE MOTION

Pursuant to paragraph 6(a)(i) of the special procedures order dated May 10, 2004, defendant, the United States, respectfully submits this memorandum concerning our intention to respond to the complaint by motion in lieu of an answer.

The complaint should be dismissed for failure to state a claim upon which relief could be granted, in that recovery is barred by the doctrines of both claim preclusion and issue preclusion. By its own description, Compl. ¶¶ 15, 18, plaintiff, Information Systems & Networks Corporation ("ISN"), seeks termination for convenience costs that it simply neglected to claim in earlier proceedings before the Armed Services Board of Contract Appeals ("board"), which concluded with a final judgment in Information Systems & Networks Corp., ASBCA No. 42659, 00-1 BCA ¶ 30,695, reconsid. denied, 00-1 BCA ¶ 30,866. ISN's complaint contains two counts, one seeking the alleged, additional costs, and the second seeking interest. Compl. ¶¶ 17-23. ISN is not entitled to a second bite of the apple, however.

The doctrine of claim preclusion, also called res judicata, bars relitigation of a claim if the same parties have previously litigated that claim to a valid final judgment. Florida Power & Light Co. v. United States, 41 Fed. Cl. 477, 483 (1998); see Blonder-Tongue Lab., Inc. v. University of Ill. Found., 402 U.S. 313, 323-24 (1971). Repetitive litigation concerning the same facts is barred not only as to all litigated theories, but as to all "causes of action which were not but should have been raised in the prior litigation." Brown v. United States, 3 Cl. Ct. 31, 41 (1983), aff'd, 741 F.2d 1374 (Fed. Cir. 1984). The doctrine applies with full force to actions tried before administrative boards of competent jurisdiction. United States v. Utah Constr. & Mining Co., 384 U.S. 394, 403-05 (1966).

ISN and the United States have already litigated to a final judgment the company's claim for fair and reasonable termination costs. ISN simply wishes to be compensated for further costs (more than a third of which appear to have been the subject of a request for reconsideration denied by the board in Information Systems & Networks Corp., ASBCA No. 42659, 00-1 BCA ¶ 30,866). Because the operative facts affecting plaintiff's termination costs existed and were knowable during the board proceedings, another lawsuit regarding the same cost issues is forever barred. Foster v. Hallco Mfg. Co., Inc., 947 F.2d 469, 479 (Fed. Cir. 1991) (applying "transactional" approach to claim preclusion).

Alternatively, the doctrine of issue preclusion (or collateral estoppel) bars any relief. See Utah Constr., 384 U.S. at 419. The latter doctrine holds that "an issue that is fully and fairly litigated, is determined by a final judgment, and is essential to that judgment, is conclusive in a subsequent action between the same parties." Bingaman v. Department of Treasury, 127 F.3d 1431, 1436-37 (Fed. Cir. 1997). Furthermore, the Contract Disputes Act provides that factual determinations by boards of contract appeals are conclusive unless disturbed upon judicial review. 41 U.S.C. § 609(b); cf. Utah Constr., 384 U.S. at 419 (discussing similar provision of Wunderlich Act).

In 1999, the board found as fact (or as an application of accepted law to fact) that ISN incurred reimbursable termination costs totaling $6,364,413. The board's decision is final and unreviewable. 41 U.S.C. § 609. Because the question of the quantum to which ISN is entitled has been conclusively decided in a full and fair proceeding before the board, "[t]here is . . . neither need nor justification for a second evidentiary hearing on these matters already resolved as between these two parties," Utah Constr., 384 U.S. at 422, and ISN fails to state a claim for additional compensation.

## CONCLUSION

For the reasons given above, the Government intends to file a motion to dismiss the complaint in its entirety for failure to state a claim.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s
JAMES M. KINSELLA
Deputy Director

/s Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

June 25, 2004

CERTIFICATE OF FILING

I certify that on June 25, 2004, the foregoing notice was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kyle Chadwick