IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | No. 04-748C |
| | ) | (Chief Judge Damich) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, respectfully requests the Court to dismiss this case pursuant to Rule 12(b)(6) of the Court's Rules ("RCFC") for failure to state a claim upon which relief can be granted, as recovery is barred by res judicata, or, alternatively, by collateral estoppel. In support of our motion, which is in lieu of an answer, we rely upon the complaint, its attachments, and the following brief.

STATEMENT OF THE ISSUES

1. Whether the doctrine of claim preclusion (res judicata) bars all recovery, given that the complaint seeks relief arising from the same operative facts as underlay previous litigation against the Government, which resulted in a final judgment upon the merits.

2. Alternatively, whether plaintiff is barred from recovering by the doctrine of issue preclusion (collateral estoppel), given that the pertinent factual issues have been fully and fairly litigated and resolved by a final judgment.

STATEMENT OF THE CASE

By its own description, Compl. ¶¶ 15, 18, plaintiff, Information Systems & Networks Corporation ("ISN") seeks termination for convenience costs that it simply neglected to claim in earlier proceedings before the Armed Services Board of Contract Appeals ("ASBCA" or "board"), which concluded with an unappealed final judgment in Information Systems & Networks Corp., ASBCA No. 42659, 00-1 BCA ¶ 30,665, reconsid. denied, 00-1 BCA ¶ 30,866.

As discussed in the board's decisions, ISN was awarded a fixed-price contract in 1987 to install an intrusion-detection system at a military facility in Sigonella, Italy. The Government terminated the contract for default in June 1990, but it later unilaterally converted the termination to one for convenience. ISN sought more than $9.3 million in termination for convenience costs and was awarded $6,364,413 by the board, of which $515,056 remained to be paid as of the decision date.

ISN's complaint requests additional costs in connection with the termination, plus profit and interest. Compl. ¶¶ 17-23.

ARGUMENT

I. ISN's Claims Are Repetitive And Wholly Barred

The defense of claim preclusion, also called res judicata, alleges a failure to state a claim upon which the Court could grant relief. See, e.g., Anderson v. United States, 46 Fed. Cl.

725 (2000). Dismissal for failure to state a claim is warranted "when the facts asserted by the claimant do not entitle him to a legal remedy . . . accept[ing] all well-pleaded factual allegations as true and draw[ing] all reasonable inferences in the claimant's favor." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Contracts and other documents cited in the complaint may be consulted for this purpose whether or not they are attached to the complaint. E.g., Pension Benefit Guar. Corp. v. White Consolid. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).

Claim preclusion bars relitigation of a claim if the same parties have previously litigated that claim to a valid final judgment. Florida Power & Light Co. v. United States, 41 Fed. Cl. 477, 483 (1998); see Blonder-Tongue Lab., Inc. v. University of Ill. Found., 402 U.S. 313, 323-24 (1971). Repetitive litigation concerning the same facts is barred not only as to all litigated theories, but as to all "causes of action which were not but should have been raised in the prior litigation." Brown v. United States, 3 Cl. Ct. 31, 41 (1983), aff'd, 741 F.2d 1374 (Fed. Cir. 1984). The doctrine of claim preclusion applies with full force to actions tried before administrative boards of

competent jurisdiction. United States v. Utah Constr. & Mining Co., 384 U.S. 394, 403-05 (1966).

The law, therefore, denies ISN a second bite at the apple. The parties have already litigated ISN's claim for fair and reasonable termination costs to a final judgment. ISN simply seeks additional money that either it neglected to seek in the previous litigation – or that it did request and the board denied. The United States Court of Appeals for the Federal Circuit has adopted the "transactional approach" to claim preclusion. Foster v. Hallco Mfg. Co., Inc., 947 F.2d 469, 478-79 (Fed. Cir. 1991). "In this connection, 'claim' does not mean merely 'argument' or 'assertion.' 'Claim' is used in the sense of the facts giving rise to the suit." Id. at 478. This action is entirely barred because the underlying "claim" and termination "transaction" are identical to those that the ASBCA addressed in its final judgment in 2000.

## II. Alternatively, ISN Is Precluded From Relitigating The Amount Of Recoverable Costs

In the alternative, the doctrine of issue preclusion, also known as collateral estoppel, bars any relief. See Utah Constr., 384 U.S. at 419. This doctrine holds that "an issue that is fully and fairly litigated, is determined by a final judgment, and is essential to that judgment, is conclusive in a subsequent action between the same parties." Bingaman v. Department of Treasury, 127 F.3d 1431, 1436-37 (Fed. Cir. 1997). Issue

preclusion serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979). The Contract Disputes Act itself, moreover, reinforces issue preclusion by providing that factual determinations by the boards of contract appeals are conclusive unless disturbed upon judicial review. 41 U.S.C. § 609(b); cf. Utah Constr., 384 U.S. at 419 (discussing similar provision of Wunderlich Act).

The ASBCA found as fact (or as an application of accepted law to fact) in 1999, and confirmed in denying reconsideration in 2000, that ISN incurred reimbursable termination costs totaling $6,364,413. No appeal was taken, and the board's decision is final and unreviewable. 41 U.S.C. § 609. Because the question of the quantum to which ISN is entitled as the result of the 1990 termination has been conclusively decided in a full and fair proceeding before the board, "[t]here is . . . neither need nor justification for a second evidentiary hearing on these matters already resolved as between these two parties," Utah Constr., 384 U.S. at 422, and ISN's complaint should be dismissed for failure to state a claim for additional compensation.

CONCLUSION

For the reasons above, we respectfully request the Court to dismiss the complaint, pursuant to RCFC 12(b)(6), upon the grounds that recovery is barred by claim and/or issue preclusion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s
JAMES M. KINSELLA
Deputy Director

/s Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

July 30, 2004

CERTIFICATE OF FILING

I certify that on July 30, 2004, the foregoing brief was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kyle Chadwick